IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| GEORGE ROGERS and wife, <br> CAROLYN SUSIE ROGERS, <br><br> Plaintiffs, <br><br> VS. <br><br> WAL-MART STORES EAST, LP <br><br> Defendant. | No. 3:18-cv-487 <br> Jury Trial Demanded <br> District Judge Harry S. Mattice, Jr. <br> Magistrate Judge H. Bruce Guyton |

## AGREED ORDER

Upon agreement of the parties, by and through counsel, pursuant to **Rule 34** of the Federal Rules of Civil Procedure; **45 C.F.R. §§ 160 and 164 of the Health Insurance Portability and Accountability Act ("HIPAA")**, which specifically states that, "A covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (i) in response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order," **and pursuant to 38 U.S.C. § 7332(b)(2)(D),** and for good cause shown, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the law firm of HOWELL & FISHER, PLLC, or its designated representatives shall be allowed by written request only to inspect and/or obtain **certified copies of all employment records, income tax returns, medical records, medical reports, medical charts, mental health records, psychiatric records, psychology records, x-ray films, tissue slides or other laboratory specimens, diagnostic studies, pharmacy/prescription records, itemized billing records with payments-made information, insurance records, other documents or writings, including but not limited to protected health information as that term is defined in 45 C.F.R. Part 160 and Part 164 (HIPAA Privacy Rule) (collectively, the "Medical**

Information"), related to the care and treatment of **GEORGE ROGERS. This includes medical records as they pertain to drug and alcohol and HIV/AIDS treatment.**

HOWELL & FISHER, PLLC, or its designated representatives shall pay all costs of obtaining copies of aforesaid documents and will provide copies of said Medical Information obtained pursuant to this Order to Plaintiff's attorney at no charge.

The parties have agreed and stipulated that (1) records produced pursuant to this Order by a custodian of records are authentic under Rule 902 if produced from the custodian with a document indicating that the records are what was requested, and (2) notarized affidavits should not be required to establish authenticity of the records.

Therefore, it is ORDERED that (1) records produced pursuant to this Order by a custodian of records are authentic under Rule 902 if produced from the custodian with a document indicating that the records are what was requested, and (2) notarized affidavits are not required to establish authenticity of the records.

This Order does require the law firm of HOWELL & FISHER, PLLC, or its designated representatives to notify Plaintiff's attorneys in writing if records are reviewed but not copied, and such notification shall specify in sufficient detail which records have been reviewed but not copied. This Order does not permit ex parte communications between the lawyers or their representatives and the health care providers.

The information obtained through use of this Order may only be used or disclosed for the purposes of this litigation or proceeding. Except with the prior written consent of the producing party, the information produced pursuant to this Order shall not be disclosed to any person other than (a) counsel for the parties, (b) employees or agents of counsel for the parties, (c) any current or former employee of a party, to the extent deemed necessary by counsel for the production or defense

of this litigation, (d) experts and consultants retained for the prosecution or defense of this litigation, (e) any authors or recipients (in the ordinary course of the health care provider's business) of the Medical Information, or (f) the Court, court personnel, court reporters, and witnesses.

This Order shall expire upon final disposition of this case and the law firm of HOWELL & FISHER, PLLC, and its designated representatives shall be prohibited from using the Order thereafter. All information obtained pursuant to this Order and all copies thereof will be destroyed or safely archived within a reasonable time period after the conclusion of this litigation or proceeding, whether by trial, appeal, settlement, or other final conclusion.

ENTER this the 26 day of September, 2019.

/s/ Bruce Guyton
~~JUDGE~~ U.S. Magistrate Judge

**APPROVED FOR ENTRY:**

s/ Elle G. Kern
G. Andrew Rowlett, No. 16277
Elle G. Kern, No. 34301
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
(615) 244-3370
Attorney for Defendant


s/ P. Richard Talley (with express permission)
P. Richard Talley, No. 9660
P.O. Box 950
Dandridge, TN 37725
(865) 397-9878
Attorney for Plaintiffs